IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HENRY JAMES, II, ) | |
|                     Petitioner, ) | Civil Action No. 14-328 |
| ) | District Judge Nora Barry Fischer/ |
| vs. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| ) | |
| D. SAUERS *(Superintendent)*; THE ) | Re: ECF No. 17 |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF PENNSYLVANIA, ) | |
|                     Respondents. ) | |

## **MEMORANDUM ORDER**

William Henry James II, ("Petitioner"), proceeding pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), seeking to challenge his drug convictions, obtained in the Court of Common Pleas of Allegheny County. ECF No. 3. For the following reasons, the Respondents' Motion to Lift the Stay and Dismiss the Petition, ECF No. 17, will be granted and the Petition will be dismissed due to Petitioner's failure to prosecute.

## **I. PROCEDURAL HISTORY**

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. On July 17, 2014, Respondents filed a Motion to Stay the case so that Petitioner could exhaust his state court remedies. ECF No. 12. By text order entered on July 18, 2014, Magistrate Judge Kelly ordered Petitioner to file a response to the Motion to Stay. Petitioner did not file a response as ordered. Magistrate Judge Kelly then entered an order granting the stay and ordered Respondents to

inform the Court no later than December 17, 2014 to inform the Court at that time as to the status of the case.   ECF No. 15.

On December 17, 2014, Respondents filed a Status Report, indicating that Petitioner never filed a PCRA Petition in state court.  ECF No. 16.

On December 18, 2014, Magistrate Judge Kelly entered an order, stating that the case was to remain stayed and that the parties were to file a notice with the Court upon the filing of the PCRA petition.

On August 22, 2019, Respondents filed a Motion to Lift the Stay and Dismiss the Petition ("Motion to Lift the Stay").  ECF No. 17.  In the Motion to Lift the Stay, Respondents pointed out that Petitioner never filed a PCRA Petition and that he would be time-barred from doing so now.  Respondents pointed out that Petitioner has taken no action in state or federal court for roughly four-and-one-half years.

Magistrate Judge Kelly ordered Petitioner to file a Response to the Motion to Lift the Stay no later than September 20, 2019.  ECF No. 18.  No response was filed by Petitioner.  It further appears that Petitioner has failed to keep the Court advised of his current mailing address and Magistrate Judge Kelly advised Petitioner that he is under a continuing obligation to do so and indicated that his failure to do so may result in the dismissal of the case.  ECF No. 19.

On October 21, 2019, Magistrate Judge Kelly ordered Petitioner to show cause why the stay should not be lifted, and the Petition be dismissed due to Petitioner's failure to prosecute this case. ECF No. 20.  Petitioner's response was due no later than November 5, 2019.  Petitioner was warned that failure to file a response will result in the dismissal of this case for failure to prosecute.   Petitioner never filed a response.

## II. DISCUSSION

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a party's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a

---

[2] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

In light of Petitioner's failure to file a response to the Motion to Lift the Stay, and his failure to respond to the Order to Show Cause, the Court finds the Poulis factors sufficiently met herein to justify dismissal of this case with prejudice. Weighing heavily in this Court's judgment is the first Poulis factor, i.e., the extent of the party's personal responsibility. Petitioner alone is responsible for his failure to file any petitions in state courts for over four years, and for his failure to respond to the Motion to Lift the Stay, and his failure to file a response to the Order to Show Cause. The same record of Petitioner's inaction in response to Court orders also establishes a history of dilatoriness, consistent with the third Poulis factor, and makes the imposition of any other potential sanctions ineffective, as is set forth in the fifth Poulis factor. Regarding the sixth Poulis factor, the merits of Petitioner's claims, this case was stayed for the express purpose of permitting him to exhaust state court remedies but Respondents have reported that he has not done so and that any such claims would be time-barred under state law, counseling this Court that dismissal, with prejudice, is more than appropriate at this juncture. See Docket No. 17. The remaining second and fourth Poulis factors concerning prejudice to the adversary and whether Petitioner's conduct is willful are difficult to evaluate on this record as Respondents have not asserted any prejudice and Petitioner has failed to respond but such factors

would be, at most, neutral, such that they do not undermine this Court's analysis that the instant case should be dismissed for failure to prosecute.

Accordingly, this 3rd day of December, 2019, the Motion to Lift the Stay and Dismiss the Petition, ECF No. 17, is hereby GRANTED and the Petition is DISMISSED with prejudice for failure to prosecute. A certificate of appealability is DENIED.

BY THE COURT:

Date: December 3, 2019

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc: William Henry James, II
JP-7151
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450
(via first class mail)